Michael S. Morrison
mmorrison@amfllp.com
ALEXANDER MORRISON + FEHR, LLP
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone (310) 394-0888
Facsimile  (310) 394-0811

Alex D. Kruzyk* (to seek admission *pro hac vice*)
akruzyk@pkglegal.com
**Pardell, Kruzyk & Giribaldo, PLLC**
501 Congress Avenue, Suite 150
Austin, Texas 78701
Tele: (561) 726-8444

*Counsel for Plaintiff and the proposed class*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Karine Grigorian, *on behalf of herself and all others similarly situated*,<br><br>              Plaintiff,<br><br>   vs.<br><br>Daniel Madariaga d/b/a Contempo Realtors,<br><br>              Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## Nature of this Action

1. Karine Grigorian ("Plaintiff"), individually and on behalf of all others similarly situated, brings this class action against Daniel Madariaga d/b/a Contempo Realtors ("Defendant") under the Telephone Consumer Protection Act ("TCPA").

2. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice to place non-emergency calls to telephone numbers assigned to a cellular telephone service without prior express consent, in that Defendant places autodialed and prerecorded or artificial voice calls to wrong or reassigned cellular telephone numbers.

3. Specifically, Defendant routinely delivers prerecorded video messages (containing prerecorded voice messaging) to accompany text messages to suspected homeowners in an effort to either purchase their property or gauge their interest in Defendant's real estate services.

## Parties

4. Plaintiff is a natural person who at all relevant times resided in Pasadena, California.

5. Defendant is a real estate business headquartered in Burbank, California.[1]

## Jurisdiction and Venue

6. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(1)(a)(iii), and 28 U.S.C. § 1331.

7. Venue is proper before this Court under 28 U.S.C. § 1391(b)(1) as

---

[1] Defendant's website identifies "Contempo Realtors, LLC" as the entity responsible for Defendant's website; however, "Contempo Realtors, LLC" does not exist as a registered business entity. *See* https://www.contemporealtors.com/privacy-policy (last visited September 26, 2023). Furthermore, according to the Los Angeles County Registrar-Recorder/County Clerk, Defendant is a registered fictitious business name.

Class Action Complaint - 2

both Plaintiff and Defendant are based in this district and a significant portion of the events giving rise to this action occurred in this district.

8. In particular, Defendant directed its solicitation calls to Plaintiff's telephone in this district, and Plaintiff received Defendant's solicitation calls in this district.

**Factual Allegations**

9. Plaintiff is, and has been at all times relevant to this action, the regular and sole user of her cellular telephone number—(818) 987-XXXX.

10. Beginning in August of 2023, and continuing through the present on an intermittent basis, Plaintiff received over ten text messages, along with over ten corresponding prerecorded video messages to her cellular telephone from (818) 423-4891.

11. Each of these prerecorded video messages directly sent to Plaintiff featured audible telemarketing messages touting Defendant's real estate service.

12. Samples of each of these messages can be found HERE.

13. Plaintiff did not request any services discussed in the subject video messages or corresponding text messages.

14. Plaintiff is not, and was not, interested in selling her home, and did not even own the home that was the subject of Defendant's text messages.

15. Plaintiff is not, and was not, interested in Defendant's services or marketing.

16. Plaintiff did not give Defendant prior express consent to place calls to her cellular telephone number by using an artificial or prerecorded voice.

17. Upon information and belief, and in light of the nature and character of the video messages at issue, as well as the nature and character of the delivery of repeated identical video messages, Defendant used a prerecorded voice to deliver calls to Plaintiff's cellular telephone number.

18. Upon information and belief, Defendant placed its calls to Plaintiff's

Class Action Complaint - 3

cellular telephone number for non-emergency purposes.

19. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone number voluntarily.

20. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone number under its own free will.

21. Upon information and belief, Defendant had knowledge that it was using an artificial or prerecorded voice to place its calls to Plaintiff's cellular telephone number.

22. Upon information and belief, Defendant intended to use an artificial or prerecorded voice to place its calls to Plaintiff's cellular telephone number.

23. The purpose of the solicitation calls at issue was to advertise and to market Defendant's business or services.

24. Plaintiff suffered actual harm as a result of the calls at issue in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

25. In fact, several other consumers have previously complained about materially identical conduct from Defendant, which Defendant does not deny:

**(Remainder of Page Intentionally Left Blank)**



  











**Class Action Allegations**

26. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class (the "Class"):

> All persons and entities throughout the United States (1) to whom Contempo Realtors delivered, or caused to be delivered, a text message (2) directed to a number assigned to a cellular telephone service, (3) which included or attached a video message that contained an artificial or prerecorded voice, (4) within four years preceding the date of this complaint through the date of class certification.

27. Excluded from the Class is Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

28. Upon information and belief, the members of the Class are so numerous that joinder of all of them is impracticable.

29. The exact number of members of the Class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

30. The members of the Class are ascertainable because the Class is defined by reference to objective criteria.

31. In addition, the members of the Class are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant, and by third parties, including members of the Class.

32. Plaintiff's claims are typical of the claims of the members of the Class.

33. As it did for all members of the Class, Defendant used an artificial or prerecorded voice in the video messages accompanying the text messages Defendant delivered to Plaintiff's cellular telephone number.

34. Plaintiff's claims, and the claims of the members of the Class,

originate from the same conduct, practice, and procedure on the part of Defendant.

35. Plaintiff's claims are based on the same theories as are the claims of the members of the Class.

36. Plaintiff suffered the same injuries as the members of the Class.

37. Plaintiff will fairly and adequately protect the interests of the members of the Class.

38. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the Class.

39. Plaintiff will vigorously pursue the claims of the members of the Class.

40. Plaintiff has retained counsel experienced and competent in class action litigation.

41. Plaintiff's counsel will vigorously pursue this matter.

42. Plaintiff's counsel will assert, protect, and otherwise represent the members of the Class.

43. The questions of law and fact common to the members of the Class predominate over questions that may affect individual members of the Class.

44. Issues of law and fact common to all members of the Class include:
   a. Defendant's use of an artificial or prerecorded voice in the video messages it delivers to cellular telephone numbers;
   b. Defendant's conduct, pattern, and practice as it pertains to delivering advertisement and telemarketing solicitation messages;
   c. Defendant's violations of the TCPA; and
   d. The availability of statutory penalties.

45. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

46. If brought and prosecuted individually, the claims of the members of

the Class would require proof of the same material and substantive facts.

47. The pursuit of separate actions by individual members of the Class would, as a practical matter, be dispositive of the interests of other members of the Class, and could substantially impair or impede their ability to protect their interests.

48. The pursuit of separate actions by individual members of the Class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

49. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the Class.

50. The damages suffered by the individual member of the Class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the Class to redress the wrongs done to them.

51. The pursuit of Plaintiff's claims, and the claims of the members of the Class, in one forum will achieve efficiency and promote judicial economy.

52. There will be no extraordinary difficulty in the management of this action as a class action.

53. Defendant acted or refused to act on grounds generally applicable to the members of the Class, making final declaratory or injunctive relief appropriate.

## Count I

## Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

## On behalf of the Class

54. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-53.

55. A text message is a "call" as defined by the TCPA. *See, e.g.*,

*Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009).

56. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by delivering artificial or prerecorded voice messages as part of the video messages corresponding with the text messages it sent to Plaintiff's cellular telephone number, without prior express consent.

57. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff, and the members of the Class, are entitled to damages in an amount to be proven at trial.

## Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a. Determining that this action is a proper class action;

    b. Designating Plaintiff as a class representative of the proposed Class under Federal Rule of Civil Procedure 23;

    c. Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

    d. Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

    e. Enjoining Defendant from continuing their violative behavior, including delivering text messages with video messaging to consumers without prior express consent;

    f. Awarding Plaintiff and the members of the Class damages under 47 U.S.C. § 227(b)(3)(B);

    g. Awarding Plaintiff and the members of the Class treble damages under 47 U.S.C. § 227(b)(3)(C);

    h. Awarding Plaintiff and the members of the Class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

    i. Awarding Plaintiff and the members of the Class any pre-

judgment and post-judgment interest as may be allowed under the law; and

j. Awarding such other and further relief as the Court may deem just and proper.

# TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Date: October 2, 2023  By:  /s/ Michael S. Morrison
Michael S. Morrison
mmorrison@amfllp.com
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone   (310) 394-0888
Facsimile    (310) 394-0811

Alex D. Kruzyk* (to seek admission *pro hac vice*)
akruzyk@pkglegal.com
**Pardell, Kruzyk & Giribaldo, PLLC**
501 Congress Avenue, Suite 150
Austin, Texas 78701
Tele: (561) 726-8444
akruzyk@pkglegal.com

*Counsel for Plaintiff and the proposed class*